IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN BLAKE, et al., | No. C 06-1582 MMC |
| Plaintiffs, | **ORDER DENYING AS MOOT DEFENDANT BLUE SHIELD OF CALIFORNIA'S MOTION TO DISMISS; VACATING HEARING** |
| v. | |
| BLUE SHIELD OF CALIFORNIA SEVERANCE PLAN and BRUCE G. BODAKEN, | |
| Defendants / | |

Before the Court is defendant Blue Shield of California's ("Blue Shield") motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, plaintiffs' initial complaint. On April 4, 2006, plaintiffs filed a First Amended Complaint ("FAC").

A party may amend a pleading "once as a matter of course at any time before a responsive pleading is served." See Fed. R. Civ. P. 15(a).[1]  "[A]n amended pleading supersedes the original, the latter being treated thereafter as non-existent." Bullen v. De Bretteville, 239 F. 2d 824, 833 (9th Cir. 1956), cert. denied, 353 U.S. 947 (1957). Further, the FAC no longer names Blue Shield as a defendant; rather, the FAC names a severance plan, specifically, the Blue Shield of California Severance Plan, and an individual

---

[1] A motion to dismiss is not a "responsive pleading." See Crum v. Circus Circus Enterprises, 231 F. 3d 1129, 1130 n. 3 (9th Cir. 2000).

defendant, Bruce G. Bodaken, as the administrator of the severance plan.

Accordingly, the Court hereby DENIES as moot Blue Shield's motion to dismiss, and VACATES the hearing scheduled for May 5, 2006.[2]

**IT IS SO ORDERED.**

Dated: April 6, 2006

                                          MAXINE M. CHESNEY
                                          United States District Judge

---

[2] Blue Shield's motion for sanctions pursuant to Rule 11 remains as scheduled on the Court's May 5, 2006 hearing calendar. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990) (holding motion under Rule 11 may be heard following dismissal of action).